UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUTO OWNERS INSURANCE COMPANY,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>RONALD SMITH, and CHRISTINE R. SCHEIBLE,<br>    *Defendants.* | 1:10-cv-0348-JMS-TAB |

## ORDER

Presently before the Court are cross-motions for summary judgment, filed by Plaintiff Auto Owners Insurance Company ("AOIC"), on the one hand, and Plaintiff, Christine R. Scheible ("Scheible") on the other.

### I.
### SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence would – as a matter of law – conclude in the moving party's favor and is thus unnecessary. *See* Fed. R. Civ. Pro. 56(c). When evaluating a motion for summary judgment, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial...against the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). Nevertheless, "the Court's favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). The non-moving party must set forth specific facts showing that there is a material issue for trial and cannot rely upon the mere allegations or denials in the pleadings. Fed. R. Civ. Pro. 56(e); *Celotex*, 477 U.S. 317. The key inquiry is the existence of evidence to support a plaintiff's claims or affirmative defenses, not the weight or credibility of

that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).

Cross-motions for summary judgment do not automatically mean that all questions of material fact have been resolved. *Franklin v. City of Evanston*, 384 F.3d 838, 842 (7th Cir. 2004). The Court must evaluate each motion independently, making all reasonable inferences in favor of the nonmoving party with respect to each motion. *Id.* at 483.

After having assessed the claims of both parties in accordance with the standard of review for summary judgment, the Court concludes that AOIC is entitled to summary judgment. Therefore, in what follows, the Court makes all reasonable factual inferences in favor of Scheible.

## II.
### BACKGROUND

On July 5, 2005, ten-year-old Travis David Scheible was struck by an automobile as he attempted to cross the street on his bicycle. [Dkt. 1-1 ¶¶ 12-14.] The next day he died as a result of his injuries. [*Id.* ¶ 21.] On February 17, 2006, Scheible—Travis' mother—commenced a lawsuit as representative of his estate (the "underlying lawsuit") in Indiana state court naming Fred Jackson ("Jackson"), Ronald Smith, and Ray M. Scheible as defendants. [*Id.*] The complaint in the underlying lawsuit sought damages from Jackson and Smith alleging that a tree located on a residential property in Columbus, Indiana presented a hazardous obstruction to the traveling public generally and to her son Travis specifically. [*Id.* ¶¶ 7-10.] At the time of the accident, Smith owned the subject property pursuant to a two-year installment contract with Jackson. *Jackson v. Scheible*, 902 N.E.2d 807, 809 (Ind. 2009). The Indiana Supreme Court

concluded in the underlying lawsuit that Jackson did not own, possess, or control the property at the time of the accident. *See Jackson*, 902 N.E.2d at 812-13.

AOIC issued the Property and Liability Policy ("Policy") that was in place of the time of the accident to Jackson and his wife for the property where the tree was located. [Dkt. 1-3.] The Policy contains a provision prohibiting assignment without AOIC's written consent. [*Id.* at 13.] AOIC never received notice of any transfer of the Policy from the Jacksons to Smith and, as a result, never gave written consent for any transfer. [Dkt. 34-3 ¶ 3.]

On February 15, 2010, Scheible submitted a claim to AOIC under the medical payments provision of the Policy in the amount of $15,942.20 associated with the medical care rendered to Travis and his funeral and burial expenses. [Dkt. 35-2.] AOIC did not pay the claim and brought this action for declaratory judgment, asking the Court to declare AOIC's rights and obligations under the policy. On September 1, 2010, the Court granted a motion for default judgment as to Smith, finding that AOIC owed no duty to defend Smith in the underlying lawsuit. [Dkt. 31 at 2.]

## III.
### DISCUSSION

AOIC argues that Smith is not an insured under the definition provided in the Policy and, accordingly, that the Policy does not provide coverage to Smith. Indiana law governs the interpretation of the Policy. In Indiana, "[i]nsurance contracts are governed by the same rules of construction as other contracts." *Earl v. Am. States Preferred Ins. Co.*, 744 N.E.2d 1025, 1027 (Ind. Ct. App. 2001). Therefore, the interpretation of an insurance policy generally presents a question of law that is appropriate for summary judgment. *Id.* "When interpreting an insurance policy, [the Court's] goal is to ascertain and enforce the parties' intent as manifested in the

insurance contract." *Burkett v. Am. Family Ins. Grp.*, 737 N.E.2d 447, 452 (Ind. Ct. App. 2000) (internal quotation omitted). The Court will give the language of the Policy its plain and ordinary meaning if it is clear and unambiguous. *Id.* A provision is ambiguous if it "is susceptible to more than one interpretation and reasonable persons would differ as to its meaning." *Am. Family Ins. v. Globe Am. Cas. Co.*, 774 N.E.2d 932, 935 (Ind. Ct. App. 2002). The mere fact that the parties offer different interpretations of the policy language is not enough to create an ambiguity. *Id.*

The Policy defines insured as: "(a) you; (b) your relatives; and (c) any other person under the age of [twenty-one] residing with you who is in your care or the care of a relative." [Dkt. 1-3 at 1-2]. Frederick and Dorothy Ann Jackson are listed as the "insured" in the Policy. [Id. at 2]. Smith is neither their relative nor a person under age twenty-one who is residing with them. Accordingly, Smith is not an insured and the AOIC policy does not provide him coverage. Therefore, pursuant to the plain language of the Policy, AOIC has no duty to indemnify Smith in the underlying lawsuit.

As part of her answer to AOIC's complaint for declaratory judgment, Scheible asserted a counterclaim for declaratory judgment against AOIC to recover the costs of her son's medical and funeral expenses under the Policy's premises medical payments coverage. [Dkt. 13.] The pertinent policy language provides:

> LANDLORD LIABILITY
> (Including Personal Injury)
> Dwelling Policy
>
> \*\*\*
>
> Coverage G - Medical Payments to Others
>
> We will pay the reasonable expenses incurred for necessary:

> 1. medical, surgical, X-ray and dental services;
>
> \*\*\*
>
> 3. ambulance, hospital . . . and funeral services.
>
> These expenses must be incurred within three years from the date of the occurrence causing the bodily injury covered by this endorsement. The bodily injury must be discovered, treated and reported to us within one year of the occurrence.

[Dkt. 1-3 at 26.]

Scheible asserts that she is entitled to summary judgment on her counterclaim because even though the accident occurred off the described premises, its alleged cause was the tree on the described premises. Therefore, according to Scheible, the medical payments provision of the Policy covers the off-premises accident. AOIC argues that there is no Indiana law to support Scheible's reading of the Policy and, accordingly, that the Court should adhere to the four corners of the Policy.

Indeed, the only law Scheible cites to support her argument is a case from the District of New Mexico. *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 857 F. Supp. 822 (D.N.M. 1994). *Servants* concerns a Catholic priest's alleged sexual abuse of various minors. *Id.* at 826. The priest was sent to the Servants' facilities for treatment of pedophilia. *Id.* During his treatment he was assigned as a "supply priest" at various parishes. *Id.* At these locations, he allegedly sexually abused numerous parish children. *Id.* The policy language at issue in that case provided:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto . . . .

*Id.* at 835. The court held that the policy's use of the word "incidental" meant that in order for the insured to be entitled to indemnification, all that needed to exist was a "reasonable causal connection" between the ownership, maintenance or use of the premises and the injury. *Id.* at 836. Therefore, the alleged negligence that took place on the premises that allowed the priest to be placed in parishes where he allegedly abused children was a reasonable causal connection between the abuse and the ownership, maintenance, or use of the premises because the mission of the premises was the rehabilitation of pedophiliac priests. *Id.* at 836-37. Accordingly, even though the injuries took place off premises, the insured was entitled to indemnity. *Id.*

*Servants* is distinguishable from the case at bar because the language of the two policies is different. The provision at issue in *Servants* contained the language regarding the cause of the bodily injury. *Id.* at 835. The provision in the instant case contains no language concerning the cause of the bodily injury. In the instant case, the Policy, when read as a whole, is clear. The title of the section of the Policy containing the medical payments provision specifies that it is part of the "dwelling policy," and the dwelling policy covers only the described premises. [Dkt 1-3 at 11 (limiting property coverage to the described premises).] Further the policy defines "described premises" as "the dwelling listed in the Declarations, including the building, the grounds and other structures on the grounds." [*Id.* at 1.] Therefore, the medical payments provision covers only bodily injuries that occur on the premises. The accident did not occur on the described premises. *See Jackson*, 902 N.E.2d at 809. Accordingly, as a matter of law, Scheible's counterclaims for declaratory judgment and medical payments coverage fail.

## IV.
### CONCLUSION

For the foregoing reasons, Plaintiff Auto Owners Insurance Company's Motion for Summary Judgment, [dkt. 32], is **GRANTED** and Defendant Christine R. Scheible's Motion for Summary Judgment, [dkt. 35], is **DENIED**. Judgment will issue accordingly.

12/09/2010

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Scott Ernest Andres
DUE DOYLE FANNING & METZGER
sandres@duedoyle.com

Christopher M. Barry
CRAIG KELLEY & FAULTLESS
cbarry@ckflaw.com

David W. Craig
CRAIG KELLEY & FAULTLESS
dcraig@ckflaw.com

Danford Royce Due
DUE DOYLE FANNING & METZGER
ddue@duedoyle.com

Scott Anthony Faultless
CRAIG KELLEY & FAULTLESS
sfaultless@ckflaw.com